**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21147-BLOOM/Otazo-Reyes**

SOUTHERN CORPORATE PACKERS, INC.
and FLORIDA VEG INVESTMENTS LLC
*doing business as* Mr. Greens Produce,

      Plaintiffs,

v.

AMERICAN FRUIT & PRODUCE
CORPORATION, *et al.*,

      Defendants.
_____/

**ORDER ON *EX-PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** is before the Court upon Plaintiffs, Southern Corporate Packers, Inc. ("Southern") and Florida Veg Investments LLC's ("Mr. Greens") (together, "Plaintiffs"), *Ex-Parte* Motion for Temporary Restraining Order, ECF No. [11] ("Motion"). The Court has reviewed the Motion, the Memorandum in Support, ECF No. [11-2], the Affidavit of Jorge Pedraza, ECF No. [11-3] ("Pedraza Aff."), the Affidavit of Brian Arrigo, ECF No. [11-4] ("Arrigo Aff."), the Attorney Certification Why Notice Should Not Be Required Pursuant to Rule 65(b)(1)(B), ECF No. [11-1], the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

Plaintiffs are licensed buyers and sellers of wholesale quantities of perishable agricultural commodities ("produce") by the United States Department of Agriculture ("USDA"). *See* Arrigo Aff. ¶¶ 3-4; Pedraza Aff. ¶¶ 3-4. Defendant, American Fruit & Produce Corp. ("American Fruit"),

is also a produce dealer subject to and licensed under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a *et seq.*, by the USDA. *See id.* ¶ 5. On March 25, 2021, Plaintiffs filed the instant lawsuit against American Fruit, Marshall's Place, Inc. ("Marshall's Place"), and numerous individual defendants, seeking relief under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a *et seq.*, and state law. ECF No. [1]. Plaintiffs assert claims against American Fruit for violation of PACA (Count I) and breach of contract (Count III). *Id.* Plaintiffs also bring claims against the co-defendants for alter ego (Count II) conversion and unlawful retention of PACA trust assets (Count V), fraudulent transfer (Counts VI, IX, XI, XIII, XV, XVII, XIX), and constructive trust (Counts VII, VIII, X, XII, XIV, XVI, XVIII). *Id.*

Plaintiffs represent that between March, 2020, and January, 2021, they sold $78,117.90 in produce to American Fruit. ECF No. [1] ¶ 5; Arrigo Aff. ¶ 7; Pedraza Aff. ¶ 7. Plaintiffs maintain that they issued and transmitted invoices to American Fruit. *See id.* ¶ 9. The invoices included the required PACA statutory trust language, *id.* at ¶ 10. American Fruit accepted the produce from Plaintiff. ECF No. [1] ¶ 6. Since receipt of the invoices, American Fruit has not paid for the produce pursuant to the agreed payment terms. Arrigo Aff. ¶¶ 15-16; Pedraza Aff. ¶¶ 15-16.

According to Plaintiffs, in connection with their attempts to secure payment from American Fruit, they discovered that Defendant Marshall's Place operates from the same business address as American Fruit, and the two entities share common officers and management. Arrigo Aff. ¶¶ 20-24; Pedraza Aff. ¶¶ 21-23, 25-27. As a result, Plaintiffs assert that Marshall's Place is paying for produce purchased by American Fruit, leading Plaintiffs to the conclusion that American Fruit has failed to maintain sufficient PACA trust assets, and is transferring those assets to Marshall's Place and others. Arrigo Aff. ¶¶ 27-28; Pedraza Aff. ¶¶ 28-29. Plaintiffs assert further that unless the

Court enjoins American Fruit and Marshall's Place's ongoing dissipation of PACA trust assets, those trust asset will continue to be dissipated, resulting in immediate and irreparable harm to Southern and Mr. Greens. Arrigo Aff. ¶¶ 29-30; Pedraza Aff. ¶ 30.

Congress enacted PACA in 1930 to encourage fair trading practices in the marketing of produce. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 155 (11th Cir. 1990). Under PACA, the Secretary of Agriculture must license all merchants, dealers, and brokers of produce placed in interstate or international commerce. 7 U.S.C. § 499c. In 1984, Congress amended PACA in response to a pervasive practice by which produce dealers granted lenders security interest in produce for which the dealers had not fully paid. *See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 135 (3d Cir. 2000). The 1984 amendment established a statutory trust over any goods, receivables, or proceeds from perishable agricultural commodities until the buyer makes full payment to the supplier. 7 U.S.C. § 499e(c).

Plaintiffs assert that they are each a PACA trust beneficiary of American Fruit. The instant Motion seeks to enjoin American Fruit and Marshall's Place from transferring PACA trust assets, except for tendering full payment to Plaintiffs. ECF No. [11] at 2.

Plaintiffs represent that the evidence establishes that "PACA trust assets have not been maintained by American Fruit as required by law, that American Fruit is experiencing severe financial problems, that it appears that Marshall's Place is in receipt or control of PACA trust assets, and that PACA trust assets are being dissipated. ECF No. [11-2] at 7. Plaintiffs further assert that notice of the Motion is not required because "notice will afford Defendants an opportunity to dissipate trust assets that are required by statute to be held for the benefit of Plaintiffs" by giving Defendants the opportunity "to liquidate PACA trust assets and to pay non-trust debts with trust assets" such that recovery of trust assets "is all but impossible after they are

dissipated." ECF No. [11-1] at 1-2; 6-7.

## II.     DISCUSSION

The Eleventh Circuit has explained that the four factors to be considered in determining whether to grant a temporary restraining order or a preliminary injunction are the same. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Namely, a movant must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Id.* at 1225-26 (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). "The primary difference between the entry of a temporary restraining order and a preliminary injunction is that a temporary restraining order may be entered before the defendant has an adequate opportunity to respond, even if notice has been provided." *Textron Fin. Corp. v. Unique Marine, Inc.*, No. 08-10082-CIV, 2008 WL 4716965, at *5 (S.D. Fla. Oct. 22, 2008). Further, a temporary restraining order may be granted without notice to the adverse party only if: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. *See* Fed. R. Civ. P. 65(b)(1).

Here, it clearly appears from the Pedraza (Mr. Greens' Credit and Accounts Receivable Manager) and Arrigo (Southern's President) Affidavits that Plaintiffs are produce dealers and trust beneficiaries of American Fruit under PACA, 7 U.S.C. § 499e(c), and have not been paid as required by PACA for produce supplied to American Fruit. It is also clear from the Affidavits and the Certification of Counsel, that American Fruit is experiencing serious financial problems and

that PACA trust assets are being dissipated or threatened with dissipation in pertinent part by transfer to Marshall's Place and others. On January 6, 2021, American Fruit issued a check in the amount of $9,042.25 to Southern, which was returned for lack of sufficient funds by American Fruit's bank. Arrigo Aff. ¶ 15. Recently, American Fruit has stopped paying for produce sold by Southern. *Id.* ¶ 16. In addition, attempts by Southern to secure payments have been unsuccessful. *Id*. ¶¶ 17-18.

Similarly, American Fruit began to default on payment of invoices to Mr. Greens in February, 2020. Pedraza Aff. ¶ 15. Despite American Fruit's assurances that the past due amounts would be wired to Mr. Greens, those wires were never received. *Id*. ¶ 16. In addition, attempts to contact American Fruit to secure payments have received no responses. *Id*. ¶ 17. Mr. Greens received one payment last year from an account in the name of Marshall's Place. *Id*. ¶ 20. Moreover, both Mr. Arrigo and Mr. Pedraza assert that they have learned that Marshall's Place operates from the same business address as American Fruit, and shares common executives, and appears to be paying for produce purchased from American Fruit, despite the fact that its PACA license is terminated and the company is out of business. *See id.* ¶ 28.[1]

In upholding the jurisdiction of district courts to entertain injunctive actions by private parties under the PACA, the Eleventh Circuit recognized trust dissipation as a dispositive factor in determining whether to grant relief in such actions:

> Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets. It should then require the PACA debtor to separate and maintain these produce-related assets as the PACA trust for the benefit of all unpaid sellers having a bona fide claim.

---

[1] The Court notes further that it previously issued a temporary restraining order against American Fruit in a similar case in February, 2020. *See Bushmans Inc. v. American Fruit & Produce Corp*, Case No. 20-cv-20644.

*Frio Ice*, 918 F.2d at 159 (footnote omitted).

On the basis of Plaintiffs' Motion, supporting papers, and other submissions, it appears that American Fruit is dissipating PACA trust assets or that the PACA trust assets are threatened with dissipation. Plaintiffs have shown that they are substantially likely to succeed on the merits, that they will suffer immediate and irreparable harm due to American Fruits' dissipation of Plaintiffs' beneficial interest in the statutory trust created in accordance with 7 U.S.C. § 499e(c), that such dissipation will continue in the absence of injunctive relief, and that an injunction will not harm the public interest. Therefore, the Court finds that a temporary restraining order should be issued. Further, in accordance with Rule 65(b)(1), Plaintiffs' counsel has certified why notice should not be required. Specifically, if notice is given to American Fruit or Marshall's Place during the pendency of this Motion, trust assets will be further threatened with dissipation before the Motion is heard. As noted in PACA's legislative history, once dissipation has occurred, recovery of PACA trust assets is all but impossible. *See* H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411; *J.R. Brooks & Son, Inc. v. Norman's Country Mkt., Inc.*, 98 B.R. 47 (Bankr. N.D. Fla. 1989); *Taylor Farms Fla, Inc. v. Gennaro's Produce, Inc.*, No. 07-60259-CIV, 2007 WL 646987, at*2 (S.D. Fla. Feb. 27, 2007).

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [11]**, is **GRANTED** as follows:

1. Defendants American Fruit & Produce Corp. and Marshall's Place, Inc. ("Defendants") and their officers, agents, employees, representatives, assigns, and financial institutions—including co-defendants Hugo J. Acosta, Jr., Marshall L. Glantz, David Acosta, Michael Acosta, Daniel Arthur Acosta, Chary Pino and

Tanya Lynne Acosta—are enjoined and restrained from dissipating, disbursing, or transferring any and all assets, funds, monies covered by or subject to the PACA trust, or from making payment of PACA trust assets to any creditor, person, or entity until full payment of $78,117.90, plus interest, costs, and attorney's fees are paid to Plaintiffs; or upon Plaintiffs' agreement; or until further order of this Court.

2. The assets subject to this Order include all of the assets of American Fruit & Produce Corp. and Marshall's Place, Inc. unless American Fruit & Produce Corp. and Marshall's Place, Inc. can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided, however, Defendants may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without the right of setoff, on the condition that Defendants maintain the proceeds of such sale subject to this Order.

3. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

4. If American Fruit & Produce Corp. fails to pay $78,117.90 in certified funds within five (5) days of service of this Order on American Fruit & Produce Corp., then American Fruit & Produce Corp. shall file with the Court an accounting that identifies all of its assets and liabilities, as well as each of its account receivables, signed under penalty of perjury. Further, within ten (10) days of the date of service of this Order on American Fruit & Produce Corp., American Fruit & Produce Corp.

shall furnish to Plaintiff's counsel all documents related to its (and any of its subsidiary or related entities, including Marshall's Place, Inc.) assets, liabilities, and account receivables, including but not limited to the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, and income tax returns.

5. Plaintiffs shall not be required to post or give any security in view of the fact that American Fruit & Produce Corp. now holds $78,117.90 of PACA trust assets that belong to Plaintiffs and that this Order requires American Fruit & Produce Corp. to comply with its preexisting obligations under the PACA.

6. Defendants shall immediately serve this Order upon any and all financial institutions with which they have a relationship.

7. This Temporary Restraining Order shall remain in full force and effect until **April 16, 2021**, unless extended for good cause shown upon motion duly filed and served on all parties.

8. Plaintiffs are directed to immediately serve the Defendants, or their resident agent, or their counsel, with the summons, Complaints, the moving papers, and a copy of this Order **no later than April 9**, **2021**.

9. A hearing on Plaintiffs' Motion for Preliminary Injunction, ECF No. [10], is set for **Friday, April 16, 2021 at 3:00 p.m.** The hearing shall take place via Zoom video conference before United States District Court Judge Beth Bloom. **The link to join is https://www.zoomgov.com/j/1618290046?pwd=QUhUZ1lDTDFibUVOb. Alternatively, the Meeting ID is: 161 829 0046 and the Passcode is: 855418**.

10. Any response or opposition to Plaintiffs' Motion for Preliminary Injunction, ECF

No. [10], must be filed and served on Plaintiffs' counsel by **April 14, 2021**. Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them. *See* Fed. R. Civ. P. 65.

11. The Motion for *Ex-Parte* Temporary Restraining Order, ECF No. [11], and the supporting materials, ECF Nos. [11-1], [11-2], [11-3], [11-4], and [11-5], shall be unsealed and this Order shall not be filed under seal.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 2, 2021 at 8:00 a.m..

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record